## MARY CLEMENT *vs.* JONATHAN SARGENT & another.

The discharge of a poor debtor under the Gen. Sts. *c.* 124, § 22, after examination and admission to take the poor debtors' oath by a special justice of a police court, acting in the matter at the request of the justice who is engaged in the court, is valid, whether the special justice be considered as having acted as the official organ of the court or as a magistrate in the exercise of a ministerial authority.

COLT, J. Leonard Kimball was arrested on mesne process in a suit brought by the plaintiff. The defendants became sureties with him in a recognizance entered into under the provisions of Gen. Sts. *c.* 124, § 10, conditioned that he would deliver himself up, within the time stated, for examination before some magistrate authorized to act. He did deliver himself up, within the time stated, for examination before a special justice of the Lawrence police court, by whom he was discharged. The special justice acted in the matter at the request of the justice of the police court, who was at that time engaged in said court. And it is now claimed by the plaintiff, in this action upon the recognizance, that the principal was not discharged from arrest by a magistrate or court authorized to act in the premises.

But we are of opinion that on these facts he was legally discharged. The statutes provide that the person arrested shall be taken before some magistrate named in the Gen. Sts. *c.* 124, § 9. See St. 1860, *c* 215, § 2. It was held in *Dike* v. *Story*, 7 Allen, 349, that under said § 9 a special justice of a police court had

authority to act in taking the recognizance authorized by that section, and to do so at other times than the regularly appointed sessions of the court. In that case, it is true, there was a disability of the justice, and the special justice was allowed to amend his memorandum of the recognizance, stating that fact, though the court declare they are not prepared to say that the mere admission or proof of a disability is not sufficient. The act of the special justice in the present case may be regarded as performed while acting as the official organ of the court, or as a magistrate in the performance of a ministerial act. If the former, then under *Dike* v. *Story* the request of the justice is sufficient to give validity to the discharge. If, as the plaintiff claims, the authority is not conferred upon police courts as courts, but upon the justices thereof acting in a ministerial capacity, then under the same authority special justices of police courts must be held to be embraced in the enumeration of § 9.

*Judgment for the defendants.*

*J. P. Jones*, for the plaintiff.
*J. C. Sanborn & J. J. Marsh*, for the defendants.