CHARLES W. PERKINS & another, executors, *vs.* ALFRED
FELLOWS.

Essex.  Nov. 7, 1883. — Jan. 14, 1884.  W. ALLEN & HOLMES, JJ., absent.

Section 33 of the Pub. Sts. *c.* 137, (St. 1880, *c.* 233,) applies only to an execution for
a debt against the estate of a deceased person which has been rendered insol-
vent; and in an action by an executor, in which the defendant files a declaration
in set-off, and obtains judgment in his favor, he is entitled to an execution for
costs against the executor *de bonis propriis*, under the Pub. Sts. *c.* 166, § 8,
although the estate of the plaintiff's testator has been represented insolvent.

CONTRACT upon certain promissory notes. The defendant
filed a declaration in set-off.

At the trial in the Superior Court, before *Knowlton*, J., a cer-
tified copy from the records of the Probate Court, showing that

the estate of the plaintiffs' testator had been represented insolvent, was duly filed.

A verdict was rendered for the defendant for $1033.21 damages, upon which judgment was entered. The plaintiffs asked the judge to order an entry upon the docket, that no execution should issue on the judgment. The defendant assented to this entry, with the exception that he contended that he was entitled to an execution for his taxable costs.

But the judge ruled that no execution should issue either for damages or costs, and ordered an entry upon the docket accordingly. The defendant alleged exceptions to so much of the above order as refused him an execution for his costs.

*G. B. Ives,* for the defendant.

*W. F. Slocum & W. S. Slocum,* for the plaintiffs.

MORTON, C. J. In an action by an executor, a demand against his testator, which at the time of his death belonged to the defendant, may be set off in the same manner as if the action had been brought by the deceased; and if a balance is found due the defendant, the judgment shall be in the same form, and have the same effect, as if the suit had been originally commenced by the defendant. Pub. Sts. *c.* 168, §§ 12, 13. Gen. Sts. *c.* 130, §§ 12, 13.

The question therefore, in this case, is whether, in a suit brought against the executors of an estate which is represented insolvent, an execution for the costs of suit can be issued against the executor *de bonis propriis.* This question is answered in the affirmative in *Greenwood* v. *McGilvray,* 120 Mass. 516. That was an action against an administrator, who, after the suit was commenced, by proceedings in the Probate Court represented the estate insolvent; and it was held that, under the proper construction of the General Statutes, the plaintiff was entitled to judgment, and to an execution for his costs against the administrator personally, but that execution for the debt should not be issued. That case was decided in 1876; and the plaintiffs contend that since then the law has been changed, and that the decision is not now applicable.

In 1880, the Legislature enacted that, whenever judgment shall have been rendered against the estate of a deceased person, which has been rendered insolvent, no execution shall be

issued thereon or enforced. St. 1880, c. 233. See Pub. Sts. c. 137, § 33. This statute should be construed in its connection with the other statutes upon the same subject, so as to make a consistent system. So construed, we are of opinion that it was intended to provide that no execution for the debt should be issued or enforced, and not to change the existing law as to issuing executions for costs against executors personally.

It has always been the policy of our law that, in suits prosecuted or defended by executors, separate executions for costs should be issued against them personally, and that the question whether they should be reimbursed out of the estate should be subject to the judgment and discretion of the Probate Court. Pub. Sts. c. 166, §§ 6–9. *Look* v. *Luce*, *ante*, 249. This policy is followed in the case of an appeal from the decision of commissioners upon an insolvent estate of a deceased person, the statutes providing that like proceedings shall be had on the appeal as in an action at law prosecuted in the usual manner, except that no execution shall be awarded against the executor for a debt found due the claimant, and that the party prevailing shall be entitled to costs, which, if recovered against the executor, may be allowed him in his administration account. Pub. Sts. c. 137, §§ 13–15. Gen. Sts. c. 99, §§ 10–15.

It is not probable that the Legislature intended to violate the general policy of the law, or to make a distinction, as to costs and the amount which could be proved against an insolvent estate, between the case of an appeal from the commissioners and that of a pending suit which is allowed to proceed merely to ascertain the amount which may be proved. On the contrary, the St. of 1880 strongly implies that no such distinction was intended, it providing that " such judgment may be presented for allowance to the commissioners ; otherwise, the proceedings touching such judgment shall be the same as with judgments rendered on appeal from commissioners of insolvency," — meaning by the last words, without doubt, commissioners upon insolvent estates of deceased persons.

In the General Statutes, under which the case of *Greenwood* v. *McGilvray* was decided, there is no express provision that, in such a case, no execution for the debt should be issued; and it seems to us that the purpose of the St. of 1880 was to give

legislative sanction to the decision of the court in that case, and to supply a deficiency in the written code of laws which the court had supplied by construction.

We are of opinion that, upon the true construction of our statutes, the defendant in the case at bar is entitled to an execution for his costs.                         *Exceptions sustained.*