ALLEN LOOK & others *vs.* CAROLINE M. LUCE.

Dukes County. Oct. 23, 1883. — Jan. 17, 1884. FIELD & W. ALLEN, JJ.,
absent.

In an action brought against an administrator, in which judgment is recovered
against him, two executions should be issued, under the Pub. Sts. *c.* 166, §§ 5-9,
one against the estate of his intestate for the damages only, and the other for
the costs against the administrator personally; and, in such a case, a levy of
an execution, which includes both damages and costs, upon the real estate of a
deceased person, is void, notwithstanding the Pub. Sts. *c.* 172, § 55.

WRIT OF ENTRY, dated April 27, 1883, to recover a parcel
of land in Tisbury. Plea, *nul disseisin.* Trial in the Superior
Court, before *Blodgett,* J., who allowed a bill of exceptions, in
substance as follows:

The land in question was alleged to have been fraudulently
conveyed by one Theodore Luce, in his lifetime, to the tenant.
Luce died in 1879, and the tenant was duly appointed his ad-
ministratrix. The plaintiffs sued her as such administratrix,
and recovered judgment against her for $106 damage, and $9.46

costs of suit, and thereupon an execution was issued in the common form for the damages and costs of suit, making in all $115.46. This execution was duly levied on lands claimed by the demandants to be the real estate of Theodore Luce, the record title to which stood in the tenant's name, and the set-off was for the full amount of the damages and costs.

The tenant asked the judge to rule that the execution and levy were both invalid, because the execution should have issued for damages only, as against the estate of Luce, and against the tenant *de bonis propriis* for costs of suit. The judge refused so to rule, but ruled that the execution and levy were valid, and that said damages and costs could be joined in one execution against the estate of Luce, and levied on land of the tenant's intestate for the whole amount.

The jury returned a verdict for the demandants; and the tenant alleged exceptions.

*H. K. Braley*, for the tenant.

*C. G. M. Dunham*, for the demandants.

MORTON, C. J. This case turns upon the validity of the levy made by the demandants. They rely upon the Pub. Sts. *c.* 172, § 55, which provide that "the real estate of a deceased person may be taken on execution on a judgment recovered against his executor or administrator for the proper debt of the deceased, with costs of suit and the fees and charges of levying the execution, and such real estate shall be appraised and set off, or sold, in like manner as it might have been if the judgment had been rendered and the execution issued and served against the deceased person in his lifetime."

If this were the only statutory provision upon the subject, it would sustain the claim of the demandants. But the statutes elsewhere make particular and specific provisions upon the subject of costs in suits where executors or administrators are parties, which are inconsistent with this claim.

It is provided in the Pub. Sts. *c.* 166, that, "when a judgment for costs is rendered against an executor or administrator in an action commenced by or against him, or in an action commenced by or against the testator or intestate, wherein the executor or administrator has appeared and taken upon himself the prosecution or defence, he shall be personally liable

for the costs." § 6. "When judgment is recovered against an executor or administrator for costs only, the execution shall be awarded against his body, goods, and estate, as if it were for his own debt." § 7. "When the judgment is for debt or damages and costs, an execution for the debt or damages shall be awarded against the goods and estate of the deceased in the hands of the executor or administrator, and another execution for the costs against the goods, estate, and body of the executor or administrator, as if it were for his own debt." § 8. "Costs paid by executors or administrators, and for which they are made personally liable, shall be allowed in their administration accounts, unless the Probate Court decides that the suit was prosecuted or defended without reasonable cause." § 9.

These provisions were first enacted in the revision of the statutes in 1836. Rev. Sts. *c.* 110, §§ 2 *& seq.* Previously to that time, this court had decided that, in actions brought by or against an executor or administrator, if he failed in his suit, the judgment for costs should be against him *de bonis propriis.* *Hardy* v. *Call,* 16 Mass. 530. *Burns* v. *Fay,* 14 Pick. 8. *Pierce* v. *Saxton,* 14 Pick. 274. *Blake* v. *Dennie,* 15 Pick. 385. It had also decided that, where a suit had been brought by or against the deceased, and the executor or administrator had been summoned in to prosecute or defend it, an execution could not be issued against him *de bonis propriis.* *Brooks* v. *Stevens,* 2 Pick. 68. *Healy* v. *Root,* 11 Pick. 389.

In the Rev. Sts. *c.* 110, § 2, the Legislature extended the rule, that an execution for costs against an executor or administrator should be issued against him personally, to all actions commenced by or against him, and to all actions commenced by or against the testator or intestate, where the executor or administrator appears and takes upon himself the prosecution or defence of the suit. At the same time, it enacted that in all suits brought against the testator or intestate, when the executor shall be nonsuited or defaulted without having taken upon himself the prosecution or defence of the suit, he shall not be personally liable for any costs in the action, but the estate of the deceased in his hands shall be liable for the costs, as well as for the debt or damages, if any are recovered. Rev. Sts. *c.* 93, § 6. These provisions have remained the law of the Commonwealth until the

present time. Gen. Sts. *c.* 128, §§ 6 *& seq.; c.* 127, § 10. Pub. Sts. *c.* 166, §§ 6 *& seq.; c.* 165, § 11. It is believed that, since their enactment, the uniform practice has been, in actions by or against an executor, or by or against a testator, in which the executor appears, to award two executions, one for the debt or damages, if any, against the estate, and another for the costs against the executor personally. *Greenwood* v. *McGilvray*, 120 Mass. 516.

We cannot, as the demandants contend, construe these provisions of statute as intended to give a double remedy for costs, one against the estate, and the other a permissive and cumulative remedy against the executor or administrator personally. The words of the statute are direct and mandatory, that two executions shall be awarded, and exclude the right of a creditor to have an execution for costs against the estate of a deceased person, except in the case where the action is brought by or against the deceased, and the executor or administrator does not elect to appear. The object of the Legislature was, as suggested in *Hardy* v. *Call, ubi supra*, to subject the discretion of executors and administrators " to a wholesome restraint," and to leave the question, whether costs incurred or permitted by them should be borne by the estate, to the judgment and discretion of the probate courts. By the clear construction of these provisions, an execution for costs cannot be issued against the estate in a suit brought against the executor or administrator.

The Pub. Sts. *c.* 172, § 55, appear to be in conflict with the provisions of *c.* 166. In the chapter in which this section occurs, the Legislature are dealing with the subject of the mode of levying executions which may lawfully be issued, and not with the subject of the rightful awarding of executions. We cannot believe that the Legislature, when it provided in this section that " the real estate of a deceased person may be taken on execution on a judgment recovered against his executor or administrator for the proper debt of the deceased, with costs of suit," intended to annul or control the other provisions of the statutes in which the liability of estates and of executors and administrators for costs is specifically dealt with and carefully defined. The words " with costs of suit " would be operative and applicable in cases where suit is brought against a deceased person in his lifetime,

and the executor or administrator does not appear, in which case, as we have seen, an execution for debt and costs may issue against the estate; but they cannot, in our judgment, have the effect to annul the other provisions of the statutes, and give to a creditor, in every case, the right to take out an execution for costs against the estate.

We are therefore of opinion that the ruling of the Superior Court in the case at bar, that the execution and levy were valid, was erroneous.                                    *Exceptions sustained.*