*G. M. Stearns*, for the petitioners.

*C. L. Gardner & C. L. Long*, for the respondents.

---

ALLEN LOOK & others *vs.* CAROLINE M. LUCE.

Dukes County. Oct. 27, 1885. — Jan. 8, 1886. FIELD & C. ALLEN, JJ., absent.

If a trial justice, in an action against the administrator of an estate, erroneously renders a judgment for damages and costs against the estate, and the execution issued thereon is declared illegal, an order of the Superior Court, upon a petition for a writ of *scire facias* to obtain a new execution on the judgment, that execution should issue against the estate for the damages, will be affirmed by this court, upon the plaintiff entering a *remittitur* for the amount of the costs.

MORTON, C. J. This is a petition for a writ of *scire facias*, to obtain a new execution upon a judgment of a trial justice, brought under the Pub. Sts. *c.* 172, § 53. The original writ was against the defendant as administratrix of the estate of Theodore Luce. The trial justice rendered a judgment that the plaintiffs " recover against the goods and estate of the said Theodore Luce, deceased, in the hands of the said Caroline M. Luce, administratrix as aforesaid, the sum of one hundred and six dollars damages, and costs of suit taxed at nine dollars and forty-six cents." An execution for said damages and costs, running against the estate, was issued and levied upon the estate of Theodore Luce for its full amount. It was held in *Look v. Luce*, 136 Mass. 249, that such levy was invalid, upon the ground, not that the judgment was void, but that the execution

issued against the estate for the costs was illegal, and the levy of such execution was void.

In view of the provisions of the statutes discussed in *Look* v. *Luce, ubi supra*, it was irregular for the trial justice to render a judgment against the estate for costs, but this does not make the judgment void. *Hardy* v. *Call*, 16 Mass. 530. The defendant now contends that the order of the Superior Court, that execution should issue against the estate for the damages, is erroneous, because such execution would not conform to the judgment.

The respect in which it fails to pursue the judgment is that it is for a less sum, — a difference which cannot harm the defendant. But this technical difficulty can be cured by the plaintiffs' remitting the amount of the costs, and thus substantial justice will be done.

A *remittitur* may be entered, as well after judgment as before, in the court where the cause remains. *Hemmenway* v. *Hickes*, 4 Pick. 497. *Hutchinson* v. *Crossen*, 10 Mass. 251. Such *remittitur*, when entered, will operate as an amendment of the judgment, and thus obviate the objection that the execution does not pursue the judgment. We are of opinion that, in this case, justice requires that the plaintiffs should have the right to enter such *remittitur;* and that, upon their doing so, an execution should issue against the estate for the damages awarded by the judgment.                    *Ordered accordingly.*

*H. K. Braley*, for the defendant.

*C. G. M. Dunham*, for the plaintiffs.