ELIZABETH GIBBS *vs.* GEORGE A. TAYLOR.

Bristol. Oct. 26, 1886. — Jan. 5, 1887. DEVENS & W. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 166, § 8, an execution for costs, issued upon a judgment against an administrator, is properly issued against him personally; and, under the Pub. Sts. *c.* 162, § 5, no affidavit being required to authorize an arrest upon such execution, it warrants the arrest of the administrator without special instructions.

Under the Pub. Sts. *c.* 162, §§ 27, 28, a special justice of a district court is authorized to take a recognizance from a person arrested on an execution, at a time when the court is not in session.

CONTRACT upon a poor debtor's recognizance, entered into under the Pub. Sts. *c.* 162, § 28, by Rodolphus J. Croacher as principal, and by the defendant as surety, and containing the usual conditions. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The recognizance in suit was taken before Frank A. Milliken, one of the special justices of the Third District Court of Bristol, at his office, on March 20, 1885, as security for Rodolphus J. Croacher, who had been arrested upon an execution issuing out of that court on March 11, 1885, in favor of the plaintiff against said Croacher, " as he is administrator of the goods and estate of Daniel B. Croacher, late of said New Bedford, deceased, for the sum of thirty-three dollars and seventy-one cents costs of suit." There was no affidavit of the plaintiff, or of any one in her behalf,

upon the execution authorizing the arrest of Croacher, who was arrested by a deputy sheriff, taken before said Milliken, as such special justice, at his office, and not while the court was in session. It did not appear that the officer had any special instruction to arrest Croacher. Before the arrest, demand was made on Croacher for the amount of the execution, and payment was refused. It appeared that the plaintiff had obtained a judgment, in an action instituted by her against Croacher as administrator of Daniel B. Croacher, for the sum of $587.50; and that this execution was for the costs of suit accruing to the plaintiff in said case.

It was admitted that Croacher did not deliver himself up for examination, as required by the recognizance; that demand was made on the defendant before bringing this action; and that Milliken was a special justice when he took the recognizance.

The defendant contended that the execution was improperly issued; that the arrest of Croacher upon said execution was unlawful and unjustified; that the recognizance was void, because of want of affidavit and instructions; that Milliken had no authority by virtue of his said office to take the recognizance at that time; that no action could be maintained upon the same; and that the recognizance was void, because it did not appear from the recognizance that Milliken had any authority to act therein.

The judge declined so to rule; ruled that the arrest upon said execution was legal, that Milliken had authority to act, and that it was not necessary that his authority should be set forth in the recognizance; and directed the jury to return a verdict for the plaintiff. The defendant alleged exceptions.

*E. L. Barney*, for the defendant.

*W. C. Parker*, for the plaintiff.

HOLMES, J.    The execution for costs was properly issued against the administrator personally.    Pub. Sts. c. 166, § 8. *Look* v. *Luce*, 136 Mass. 249. And, no affidavit being required to justify an arrest upon it, Pub. Sts. c. 162, § 5, it warranted the arrest without special instructions. *Webber* v. *Davis*, 5 Allen, 393, 397. *Dooley* v. *Cotton*, 3 Gray, 496.

It was held in *Dike* v. *Story*, 7 Allen, 349, that a special justice could take a recognizance under the Gen. Sts. c. 124, §§ 9,

10, (Pub. Sts. *c.* 162, §§ 27, 28,) and that he could do it at other times than the regularly appointed sessions of the court. In that case, it is true, there was a disability of the justice; but we are of opinion that the authority of the special justice is not dependent upon that circumstance, nor upon the provisions of the Pub. Sts. *c.* 154, § 25, (Gen. Sts. *c.* 116, § 22,) as to holding court. The power is conferred, not upon the court, but upon some judge of the court, as also upon other officers who hold no court. A special justice is such a judge, and therefore is embraced in the enumeration of the Pub. Sts. *c.* 162, § 27. See *Clement* v. *Sargent*, 100 Mass. 300; *Commonwealth* v. *Hawkes*, 123 Mass. 525, 529.                        *Exceptions overruled.*