WILLIAM S. GOLDTHWAIT *vs.* AMOS P. DAY.

Essex.   March 1, 1889. — May 10, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Equity Pleading — Mutual Account — Set-off — Partnership Accounting — Insolvent Debtor.*

A bill in equity upon a mutual account imports an offer on the part of the plaintiff to pay any balance that may be found due from him to the defendant, and cross items upon such an account in the defendant's favor are not matters of set-off, and need not be pleaded to be availed of except when the whole account is set out in the answer.

The Pub. Sts. c. 137, § 31, which provide that no action shall be maintained against an executor or administrator after an estate has been represented insolvent, except in certain cases, do not apply to a bill in equity brought by the administrator of a deceased partner whose estate is afterwards declared insolvent against his surviving partner for an account; and the defendant is entitled to a decree if a balance is found due in his favor.

Upon such a bill in equity the defendant is entitled to be credited for firm debts paid by him more than two years after the administrator had given bond, but not for a note given by the intestate to him in payment of a balance due him on the account at a certain date.

HOLMES, J. This is a bill for an account, brought by the administrator of a deceased partner against the surviving partner. The case was referred to a master to state the account, and he has reported that the sum of eighteen hundred and thirty-one dollars and fifty-nine cents is due the defendant. Nearly three months after the bill was filed, the estate of the plaintiff's intestate was represented insolvent, and commissioners were appointed. The plaintiff excepts to the master's report, on the ground that the defendant's only remedy was to prove his claim before the commissioners.

We need not consider whether this objection is taken prematurely, as we are of opinion that it cannot prevail. It is based upon the Pub. Sts. c. 137, § 31, which provide that no action shall be maintained against an executor or administrator after an estate has been represented insolvent, except in certain cases. The plaintiff does not deny that, if he had sued upon a cause of action at common law and the defendant had pleaded in set-off before the estate had been represented insolvent, a judgment might have been entered for the defendant, notwithstanding the representation. *Perkins* v. *Fellows*, 136 Mass. 294. A declaration in set-off, as clearly as a suit by the defendant, would be within the exception to the Pub. Sts. c. 137, § 31, that, if an action is pending for a demand which is disputed, the action may be tried, and judgment may be rendered. But the plaintiff says that in this case no set-off has been pleaded, and also that the defendant's demand is equitable in its nature, and not within the exception just mentioned, although he says that it is within the general prohibition of the section, since the St. of 1884, c. 293, put equitable liabilities on the footing of debts.

If it were necessary to invoke the exception just mentioned, it would seem plain that the exception as to pending actions is as broad as the prohibition against bringing new actions, and that, if a demand like the defendant's is within the one, it is within the other. But the true view is, that the Pub. Sts. c. 137, § 31, have nothing to do with the case.

When a bill in equity is brought upon a mutual account, the cross items in favor of the defendant are not matters of set-off. A set-off is a creation of statute. It is an independent claim which the statute allows the defendant to consolidate with the plaintiff's action by pleading it, if he chooses, subject to substantially the same defences as if he had sued upon it separately. On the other hand, a mutual account exists by agreement, and the effect of it is that the cross items extinguish each other *pro tanto* at once, as they accrue. The only claim of either party is to the balance. See *Fanning* v. *Chadwick*, 3 Pick. 420; *Tyler* v. *Boyce*, 135 Mass. 558, 561; *In re River Steamer Co.* L. R. 6 Ch. 822, 830; *Grove* v. *Dubois*, 1 T. R. 112, 115, 116; *Tomkins* v. *Willshear*, 5 Taunt. 431, 432, and note *a*; *Farrington* v. *Lee*, 2 Mod. 311, 312, and 1 Mod. 268, 269. When a bill is brought upon such an account, it implies that there are items on both sides, and that the balance is uncertain until ascertained by aid of the court. It seeks to have the balance ascertained and paid, and as a condition of being entertained it imports an offer, which formerly it was required to express, on the part of the plaintiff, to pay the balance if it should turn out against him. *Colombian Government* v. *Rothschild*, 1 Sim. 94, 103. *Clarke* v. *Tipping*, 4 Beav. 588.

Under such a bill, the defendant has nothing to plead in order to get the advantage of it. His claim is not an independent one, but is admitted and asserted by the plaintiff, so far as the defendant can prove his items and provided they exceed those on the plaintiff's side. Those items are not to be pleaded except when the defendant sets out the whole account in his answer. It follows, that from the filing of the bill the defendant stood at least as well with reference to the bar of the Pub. Sts. c. 137, § 31, as he would have stood after pleading in set-off when an answer in set-off is proper. But as his right under the bill is not a cross claim or suit against the administrator, but only a necessary incident of a suit by the administrator of the insolvent estate, it follows that the statute has no application.

The decree for the defendant, when it has been entered, will be within the words or the equity of § 33. No process will issue to enforce it, but it will be presented to the commissioners as is provided in that section concerning judgments.

It is objected that the master credited the defendant on account of payments of partnership debts which were made more than two years after the administrator had given· bond, and that these items are barred. Pub. Sts. c. 136, § 9. If this objection is open, it is enough to say that the defendant was bound to pay these debts, and that his claim accrued upon payment. *Hayward* v. *Hapgood*, 4 Gray, 437. *Phillips* v. *Blatchford*, 137 Mass. 510, 515. It is true that the plaintiff was also liable to the firm creditors by the Pub. Sts. c. 136, § 8, and it may be that their claims against him were barred before they were paid. But that does not affect the defendant. *Thayer* v. *Daniels*, 110 Mass. 345.

The plaintiff also excepts to the allowance of nine hundred and forty-two dollars and fifty cents, being the amount due on a promissory note for one thousand dollars, given by the plaintiff's intestate to the defendant on February 8, 1882, as an item in the account. This exception must be sustained. The master reports that the note was given in payment of the balance due the defendant on partnership account at the end of the year 1881. This being so, the mutual account was settled up to that time, and the note was a distinct liability, withdrawn from the mutual account, on which the defendant could have sued, and which he should have proved before the commissioners.

*Decree accordingly.*

*F. L. Evans*, for the plaintiff.
*G. Wheatland & P. J. McCusker*, for the defendant.