## TICONIC NATIONAL BANK *vs.* MARY C. TURNER.

Somerset.    Opinion April 14, 1902.

*Action. Judgment. Execution. Costs. Executors and Administrators. Levy.*
*R. S., c. 66, § 18; c. 76, § 42; c. 87, §§ 1, 2. R. S., 1841, c. 120, §§ 1–5.*

A judgment should follow the writ and declaration. When the suit is against an executor, judgment for the debt or damage should be entered up against the goods and estate of the testator. If it is not so entered, it is the error of the clerk and not of the court, and the court will order it to be corrected.

In an action against an executor or administrator, wherein judgment is rendered for debt and damages, and for costs also, two executions should be awarded, one for the debt or damages against the goods or estate of the deceased in the hands of the executor or administrator, and the other for the costs, against the goods, estate and body of the executor or administrator.

The amount of such execution for costs is to be allowed to the executor or administrator in his administration account, unless the judge of probate decides that the suit was defended without reasonable cause.

R. S., c. 87, § 2, is not intended to give a creditor a cumulative remedy, of which he may avail himself or not at his election, without depriving him of the right to have an execution for costs against the goods and estate of the deceased. The remedy for costs there given is exclusive, and is intended for the protection of the estates of deceased persons, to prevent them from being frittered away in frivolous and groundless suits by indiscreet or litigious executors or administrators.

Where, in an action against an executor, one execution issues for both debt and costs against the goods and estate of the deceased in his hands, and is satisfied by levying the same upon the lands of the testator, such levy is void.

On report. Judgment for defendant.

Real action, both parties claiming under Napoleon B. Turner, deceased, the defendant as devisee under his will, and the plaintiff by a sale on execution against his estate.

*D. D. Stewart and G. K. Boutelle,* for plaintiff.
*J. and J. W. Crosby; D. Lewis,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. Writ of entry to recover land in St. Albans. Both parties claim under Napoleon B. Turner, deceased, the defendant as devisee under his will, and the plaintiff by virtue of a sale on execution against his estate. After Turner's decease the plaintiff brought suit against his executor upon a demand due from Turner in his lifetime, and obtained judgment for $2251.20 damages, and $15.26 costs of suit. The execution issued for both debt and costs, and was satisfied by a sale of the land under R. S., c. 76, § 42.

The defendant attacks the judgment on two grounds; first, that it is a personal judgment against the executor, and that upon it no execution could issue against the goods and estate of the testator; second, that, under R. S., c. 87, § 1 and 2, judgment and execution for costs against the goods and estate of the testator is unauthorized and illegal. The first objection cannot be sustained. Amendment of the judgment, in matter of form, was asked for and allowed by the presiding justice, if necessary. An examination of the writ shows that it was in proper form, commanding an attachment of the goods and estate of the testator in the hands of his executor, and setting forth a cause of action against the deceased on notes indorsed or signed by him in his lifetime. The judgment should have followed the writ and declaration, and been entered up against the goods and estate of the deceased for the amount of the debt or damages. If it was not so entered it was the error of the clerk and not of the court, and the court will order it to be corrected. *Piper* v. *Goodwin,* 23 Maine, 251.

This brings us to the defendant's second objection, which involves the construction of R. S., c. 87, § 1 and 2, and presents the question, whether, in view of the provisions there found, a judgment can be rendered and execution issued for costs against the goods and estate of the deceased, in an action commenced against an executor or administrator. "Executions for costs run against the goods and estate, and for want thereof against the bodies of executors and administrators, in actions commenced by or against them, and in actions commenced

by or against the deceased in which they have appeared, for costs that accrued after they assumed the prosecution or defense, to be allowed to them in their administration account, unless the judge of probate decides that it was prosecuted or defended without reasonable cause." Section 2, supra.

The learned counsel for the plaintiff contends that this is a cumulative provision, intended to favor the creditor, giving him an additional remedy of which he may avail himself at his election, but not depriving him or his right to have judgment and execution for costs against the goods and estate of the deceased. There is nothing in the statute indicative of such an intention. Its language is general; "executions for costs" in the cases named are to run against the goods and estate of the executors or administrators, and for want thereof against their bodies. We do not perceive how this can mean any more or less than if it read "all executions for costs." Moreover, § 1 militates strongly against the plaintiff's theory. No question can be raised but that in the cases named in § 2 executors and administrators are personally liable for costs. But by the preceding section it is only in those cases where they are not personally liable for costs, that execution therefor is to run against the goods and estate of the deceased in their hands. Here is an express negation of any cumulative remedy.

Neither has any plausible reason been suggested why the legislature should be so exceptionally and unusually tender of the interests of creditors in suits against the estates of the dead. In suits against the living, they have but one security, one remedy and one execution for their costs. Why should they have a two-fold security and remedy for costs in suits against the estates of those deceased? On the contrary we believe that the statute was enacted for the protection of estates of deceased persons, and to prevent them from being frittered away in frivolous and groundless suits by indiscreet or litigious executors and administrators. They, and they alone are liable for the costs. If in the judgment of the judge of probate, the suits were prosecuted or defended with reasonable cause, the costs paid are to be allowed to them in their administration accounts; if without reasonable cause, the costs are not to be allowed, and the consequences of

their contentious spirit or lack of discretion fall, and rightly fall, upon them and not upon the estate which they represent. R. S., c. 87, § 2, c. 66, § 18.

For these reasons it was held in 1819, while the District of Maine was still a part of Massachusetts, and long before the enactment of the statute under consideration, that where an administrator commences an action, and fails to support it, judgment for costs cannot be rendered against the goods and estate of the intestate, but should be rendered against the administrator de bonis propriis. *Hardy* v. *Call,* 16 Mass. 530. That decision remained unquestioned, but in cases prosecuted or defended by administrators and executors under other circumstances, it was held that judgment for costs should be rendered against the goods and estate of the deceased. *Crofton* v. *Ilsley,* 6 Maine, 48; *Eaton* v. *Cole,* 10 Maine, 137. In 1841 the legislature, doubtless to give uniformity to the practice, and for the reasons assigned in *Hardy* v. *Call,* supra, extended the rule in that case to all actions against the executor or administrator, and to all actions commenced by or against the testator or intestate, and prosecuted or defended by the executor or administrator.

The act of 1841, R. S., 1841, c. 120, § 1, 2, 3, 4, and 5, has never been amended, but has been condensed in the process of revision. No change of legislative purpose is to be inferred from a mere condensation of a prior statute in a subsequent revision. Turning to the original act we find, "When the judgment is for debt or damages, and costs also, an execution for the debt or damages shall be awarded against the goods or estate of the deceased, in the hands of the executor or administrator, and another execution for the sum due for costs, against the goods or estate of the executor or administrator, and also against his body, as if it were for his own debt." R. S., 1841, c. 120, § 4. Can clearer language than this be framed? There are to be two executions; an execution for debt and "another execution" for costs; the first one against the goods and estate of the deceased; the other against the goods, estate and body of the executor or administrator "as if it were his own debt." And this court so held in *Ludwig* v. *Blackinton,* 24 Maine, 25. Our statute of 1841, was taken from R. S., Mass. 1836, c. 110, § 2 et seq., now R. S.,

Mass. 1902, c. 172, § 5, 6 and 7, and the two are substantially identical. Under the Massachusetts statute it has there been held that in an action brought against an administrator, in which a judgment is recovered against him, separate executions shall issue for debt and for costs, *Greenwood* v. *McGilvray*, 120 Mass. 516, one against the estate of the intestate for the damages only, and the other for the costs against the administrator personally; and in such case a levy of an execution, which includes both damages and costs, upon the estate of a deceased person, is void. *Look* v. *Luce*, 136 Mass. 249. See also *Perkins* v. *Fellows*, 136 Mass. 294; *Gibbs* v. *Taylor*, 143 Mass. 187.

The cases cited by the counsel for the plaintiff, to show that the practice in this state in such cases has been to issue one execution for debt and costs against the goods and estate of the deceased, do not sustain his contention. In *Wyman* v. *Fox*, 55 Maine, 523, 92 Am. Dec. 613, for aught that appears in the report of the case, the suit may have been commenced, and the costs accrued before the administrator assumed the defense, and the question here presented was not considered. In *Piper* v. *Goodwin*, 23 Maine, 251, the judgment in question was rendered in 1837, before the enactment of the present statute.

The debt in *Baker* v. *Moor*, 63 Maine, 445, was the debt of the executor, and judgment was properly awarded against him personally for both debt and costs; while in *Bourne* v. *Todd*, 63 Maine, 427, the judgment was held void on other grounds. While there may have been some diversity of practice in this state, that cannot override the plain intent and meaning of the statute and its settled construction by the courts of this state and Massachusetts.

To consider further the contentions of the parties would be unprofitable and unnecessary. The judgment in this case being illegal, rendered without lawful authority, the defendant has a right to impeach it. *Sidensparker* v. *Sidensparker*, 52 Maine, 481, 83 Am. Dec. 527. With it must fall the execution and levy based upon it. *Look* v. *Luce*, supra.

*Judgment for defendant.*