## NUNZIATE VALENTE *vs.* ANGELO PORTO.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and HAINES, Js.

Whether the conclusions of a committee are without support from the evidence, obviously cannot be determined if none of the evidence is before the court; and therefore a mere allegation to that effect in a remonstrance to the committee's report, without presenting any of the evidence, is insufficient and demurrable upon that ground.

An agreement to pay "a bonus" in connection with a loan, does not necessarily and as matter of law imply that it is without consideration and illegal; and in the absence of any claim, evidence, or finding upon that subject, it cannot be said by this court upon appeal that the trial court erred in not holding that the bonus agreement was illegal and that it was separable from that touching the loan.

The guarantor of a promissory note is not affected by the fact that its amount included a sum agreed upon by the immediate parties to the note as the "bonus," if it does not appear that he had knowledge thereof.

There is no apparent reason for a committee to call upon a party for an accounting with respect to a mortgage which has been fully paid and discharged.

It is an established rule that the decisions of a court or of a committee are assumed to be regular and well-founded, until the contrary is shown.

A complaint praying for an accounting and judgment for the amount found due thereon, imports consent upon the plaintiff's part to a judgment for the defendant if the balance shall be found in his favor; and no cross-complaint or counterclaim is essential to the rendition of such a judgment or decree.

Under General Statutes, § 5988, the party in whose favor judgment is rendered in such actions is entitled to costs.

Argued October 30th—decided December 17th, 1918.

ACTION for an accounting and for judgment for the amount found due thereon, brought to the Superior Court in New Haven County where the cause was referred to a committee who heard the parties and reported the facts; to the committee's report the plaintiff filed a remonstrance to which the defendant demurred and the

court, *Curtis, J.,* sustained the demurrer, accepted the report, and rendered judgment that the plaintiff was indebted to the defendant in the sum of $13,877.40, and from this judgment the plaintiff appealed. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*Philip Pond,* for the appellee (defendant).

RORABACK, J.   The only question here presented is as to the sufficiency of the plaintiff's remonstrance. The remonstrance is based upon nine different grounds. Paragraphs 1, 3, 5–9, state, in substance, that the evidence did not warrant the conclusion of the committee.   More in detail, paragraph 3 states that certain items constituting the amount of $8,306.91 and contained in the report, "were not proven by any certain, definite, [or] positive evidence."   In paragraph 5 of the remonstrance it is averred that a certain payment of $5,400 "is not under the evidence a charge against the plaintiff and was not proven by certain, definite and positive evidence."   In paragraphs 1, 6–9 of the remonstrance, the grounds thereof are, in effect, for the same reasons as those contained in paragraphs 3 and 5 just stated.   Not one of these paragraphs states a good cause for a remonstrance.   It was not enough to say in these objections that the conclusions of the committee were not supported by the evidence, when no part of the evidence was before the court.   *Decker* v. *Mann,* 80 Conn. 86, 66 Atl. 884; *Fox* v. *South Norwalk,* 85 Conn. 237, 82 Atl. 642; *Hoyt* v. *Pomeroy,* 87 Conn. 41, 48, 86 Atl. 775; *Ferguson* v. *Cripps,* 87 Conn. 241, 245, 87 Atl. 792.

The plaintiff, in paragraph 2 of his remonstrance, challenges paragraph 6 of the report of the committee because "the bonus charged on said mortgage is not a proper charge against the plaintiff, or the interest

chargeable under said mortgage is not a proper charge against the plaintiff, and because the report of the committee as amended credits the plaintiff with the principal sum of $5,000 of said mortgage." Paragraph 6 of the committee's report states that "sometime subsequent to November 26, 1912, Nunziate Valente borrowed $5,400 from Isic Kaufman, receiving in cash $5,000 and allowing a bonus of $400. Said sum of $5,000 was turned over to A. Porto and used by him on said building. Payment of said sum of $5,400 so borrowed by Nunziate Valente from Isic Kaufman was guaranteed by Angelo Porto, and was paid to said Kaufman by Angelo Porto from the proceeds of a savings bank mortgage."

The word "bonus," as used by the committee in its report, does not require an inference that this sum of $400 paid by the plaintiff was without consideration and in violation of law. *Smith* v. *Crockett Co.*, 85 Conn. 282, 288, 82 Atl. 569. It does not appear that the plaintiff made any claim, or offered any evidence to show, that this bonus was paid for an unlawful purpose, or that it was void as contrary to public policy. In the absence of any evidence, claim, or finding upon this subject, it cannot now be said that the trial court erred in not holding that this agreement to pay a "bonus" was illegal and separable from that requiring the payment of $5,000.

If we should assume that this agreement to pay a "bonus" was illegal, it is a little difficult to understand how this defendant could be affected by this fact. The plaintiff borrowed the money of, and agreed to pay the "bonus" to, a third person. The defendant was not connected with this contract, except as he agreed to guarantee the payment of the note. It does not appear that he had any knowledge that this note was tainted with illegality, if any existed.

The plaintiff remonstrates to paragraph 8 of the report of the committee because "the mortgage of $7,500 mentioned in said paragraph was a mortgage given by the plaintiff to the defendant as security for certain guarantees and endorsements, which agreement in reference to said guarantees and endorsements was set forth in a certain contract introduced in evidence, and because said guarantees and endorsements have been fully paid and discharged." Paragraph 8 of the committee's report states that "on May 21, 1913, to secure Angelo Porto for advancements made and accounts paid for the construction of said building, Nunziate Valente executed a mortgage for $7,500 to Angelo Porto (recorded in volume 705, page 321, of the New Haven land records) which said mortgage was released on October 9, 1913."

The difficulty with this objection is that it requires us to assume that the committee acted erroneously in not calling upon the defendant for an accounting in relation to this mortgage. This would be contrary to the well-established rule that it will always be assumed that the decisions of a court or committee are well-founded; that their judgments are regular, and that nothing will be held to be irregular but that which specially appears so. The fact that these guarantees and endorsements have been fully paid and discharged and the mortgage released, leads us to the conclusion that the defendant has fully performed his contract in this connection and that no further accounting was necessary. If there was any irregularity upon the part of the committee upon this branch of the case, it was incumbent upon the plaintiff to point it out and prove it. That has not been done. Upon the contrary, it appears that this transaction was regularly carried out and completed by the defendant, and that no further explanation was called for on his part.

There is no merit in the plaintiff's claim that the court erred in rendering judgment for the defendant. It appears that the judgment rendered was the final determination of the issues submitted by the pleadings. This was sufficient. The plaintiff, in her complaint, asked for an accounting and a judgment for the amount found to be due upon such an accounting. The answer of the defendant consisted simply of admissions and denials of the allegations contained in the plaintiff's complaint. The judgment rendered was that the accounts between the parties were such that the plaintiff was indebted to the defendant in the sum of $13,877.40; and, further, that the defendant recover his costs. The plaintiff in her complaint asked for an accounting. This, inferentially, conceded that there were items of account upon both sides and that the balance was uncertain until ascertained by an investigation. In this way the plaintiff sought to have the balance ascertained and paid. Such a procedure implied an offer on the part of the plaintiff to pay the balance if it should be found against her. *Goldthwait* v. *Day,* 149 Mass. 185, 187, 21 N. E. 359. This being so, the defendant was entitled to a decree in his favor for the balance found due, without resorting to the formality of a counterclaim or cross-complaint. 1 Corpus Juris, 639, and cases cited in notes. The right of the defendant to recover costs existed by the provisions of § 5988 of the General Statutes, which provides that in actions for an accounting the prevailing party shall recover costs. The trial court in rendering a judgment that the defendant recover his costs simply recognized, as it was bound to do, the provisions of this statute.

There is no error.

In this opinion the other judges concurred.