HAROLD J. BOWEN, ADMINISTRATOR (ESTATE OF ANTOINETTE DeLUCIA), ET ALS. *v.* LUCY MORGILLO ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 7—decided December 17, 1941.

*William J. McKenna,* with whom were *Anthony A. E. DeLucia* and, on the brief, *Anthony E. Bove,* for the appellants (defendants).

*Joseph B. Morse,* for the appellee (named plaintiff).

BROWN, J. This case was before us upon a former appeal reported in 127 Conn. 161. We then held that the trial court was warranted in its conclusion that the conveyance of real estate, the assignment of mortgages, the transfer of a bank deposit and the indorsement of notes, made by the named plaintiff's decedent to her daughter, the defendant Lucy, were intended as testamentary dispositions of the property and were therefore void. Error in part was found, the judgment set aside and the case remanded with direction to enter judgment in accordance with the opinion. Pursuant to this mandate the Superior Court properly entered judgment decreeing the transfers of the above items of property null and void and "that the defendants render an accounting to . . . [the] plaintiff . . . of all the rents and income and payments of interest and principal received from said real and personal property since the date of the decease of said Antoinette DeLucia, including the proceeds of withdrawal of the deposit in the American Bank & Trust Company . . ." and appointing a committee to take the account. The committee found that the total amount received by the defendants was $6420.75, comprised of rents including the reasonable rental value of a tenement occupied by them amounting to $420, the proceeds of two mortgages sold and the deposit withdrawn from the bank. It further found that the defendants had expended a total of $7759.55 comprised of items for repairs, water bills, coal, ash removal, fire insurance premiums, interest and principal on mortgages, taxes and attorneys' and architects' fees, and also of expenditures for masses, a monument, funeral services and supplies for mourners. It further stated that "no evidence was offered as to whether or not any of said expenditures were reasonable or necessary," and expressly refrained from making any finding

as to the reasonableness or necessity of any of such expenditures. The defendants filed a remonstrance to the committee's report which was overruled, and a motion · to amend the judgment which was denied. The court by its supplemental judgment found the issues for the named plaintiff and adjudged that he recover of the defendants $6420.75 and costs.

Subsequent to filing their remonstrance the defendants moved that the judgment be amended by inserting after the order for an accounting, quoted in the first paragraph of this opinion, the following: "deducting therefrom the expenses and cost of the care, operation and maintenance of said properties, paid, laid out and expended by the defendants including repairs and improvements." The court's denial of this motion is assigned as error. As was stated by this court in an earlier case, the plaintiff in his "complaint asked for an accounting. This, inferentially, conceded that there were items of account upon both sides and that the balance was uncertain until ascertained by an investigation. In this way the plaintiff sought to have the balance ascertained and paid. Such a procedure implied an offer on the part of the plaintiff to pay the balance if it should be found against" him, and this being so the defendants were entitled to a decree in their favor for any balance found due, without resorting to the formality of a counterclaim or cross-complaint. *Valente* v. *Porto,* 93 Conn. 146, 150, 105 Atl. 338. Similarly, under the judgment entered for the accounting here the defendants were entitled in the proceedings before the committee to claim, prove and receive the benefit of any credits properly established. The court's denial of their motion to amend therefore could in no way have prejudiced their rights and was not erroneous. The same is true of the court's overruling of the defendants' remonstrance to the com-

mittee's report which is also assigned as error, the evidence before the committee being no part of the record. See *Valente* v. *Porto,* supra, 147. Whether the court's ruling that under the judgment and upon the situation disclosed by the report no credits could be considered presents a different question, which is raised by a further claim urged by the defendants.

This is that the court in rendering judgment for the plaintiff upon the committee's report erred in refusing to credit them with the $7759.55, which as above stated they were found to have expended, because it appears that these expenditures were for the care, maintenance and operation of the real estate, for the use of which the defendants were ordered to account. Patently expenditures for masses, a monument, funeral services, funeral supplies and supplies for mourners, which as found by the committee totaled $1345.95, cannot avail the defendants under this contention. Whether the court erred in failing to credit the defendants with the other items expended by them involves the basic question as to the rights of one who has had tortious possession of property when called upon to account. In such a case the question is to what extent must the plaintiff do equity to the defendant (*Caramini* v. *Tegulias,* 121 Conn. 548, 553, 186 Atl. 482), for a wrongdoer called upon in equity to restore property may claim the right to set off certain expenditures. *Collins* v. *Erdmann,* 122 Conn. 626, 634, 191 Atl. 521. The basis of this redress is that the civil proceeding brought by the plaintiff is designed to place him as the injured party in the same position which would have been his had the wrong not been done, and not to afford him relief which consists solely of a penalty upon the defendant as the wrongdoer. Accordingly the defendant's right of set-off in such a case rests upon the principles involved in the doc-

trine precluding the unjust enrichment of the plaintiff. *Schleicher* v. *Schleicher,* 120 Conn. 528, 533, 182 Atl. 162. In accord with these principles the general rule applicable to the situation before us has been thus stated: "A person is entitled to specific restitution of property from another or to the product of such property only on condition that he compensate the other for expenditures with reference to the subject matter which have inured to his benefit, to the extent that justice between the parties requires." Restatement, Restitution, § 158. It remains to apply this general rule to the specific items in question.

It is clear that the defendants were not entitled to credit for the $384.50 paid for fire insurance premiums. *Schleicher* v. *Schleicher,* supra, 535. Additional facts must be found before the validity of the claimed credits for the items for repairs, coal, ash removal, water bills, architects' fees and attorneys' fees, aggregating $3568.59, can be determined. In so far as the items for repairs are concerned, they might afford a possible basis for credit to the defendants either upon the ground that these constituted improvements giving to the property a greater value when repossessed by the plaintiff than it would otherwise have had, or that they were repairs essential to secure tenants or to obtain rentals to a certain amount. If the former were the situation the defendants would be entitled to a credit only to the extent that the repairs increased the value of the property. Restatement, op. cit., § 158, comment c; *Blasig* v. *Blasig,* 123 Conn. 686, 687, 195 Atl. 195. If the latter were the situation the defendants would be entitled to a credit to the extent that the repairs were reasonably necessary for the realization of the rentals received. In the absence of the essential finding as to the effect of the repairs made, the court could not properly have considered their cost

in determining the amount of the judgment. What we have said as to repairs applies also to the item for architects' fees, and only to the extent that each of those expenditures for coal, ash removal, water bills, and attorneys' fees was found to be necessary to secure the rentals received could the court have considered it in fixing the amount of the judgment. It sufficiently appears from the report that the expenditures for taxes and for interest and principal on mortgages, aggregating $2460.51, were on account of the property in question. Therefore, assuming none of the interest was chargeable to the defendants' fault, the defendants are entitled to credit for these payments, which necessarily increased the net value of the property. Restatement, op. cit., § 158, comment b; *Schleicher* v. *Schleicher*, supra, 533. The court erred in denying the defendants credit on these items by its judgment. The defendants also claim that the court erred in charging them in the judgment with $420 for the rent of a part of the premises occupied by one of them. The report indicates that this was the reasonable value of the use of the tenement for the period in question, and it was properly included in the judgment.

The only remaining question to be determined is whether the court erred in failing to recommit the report to the committee. A report of a committee should not be recommitted unless the court "is satisfied that such a course is necessary to a just determination of the case," and whether or not it should be recommitted rests in the court's discretion. Practice Book, § 173, p. 63. The court did not refuse to recommit the report in the exercise of its discretion, however, but on the ground that the question of expenditures was not open to it under the previous judgment. In this the court erred, as appears from what we have already said concerning the defendants' claim

to have the judgment amended. In view of the substantial amount involved in the expenditures made by the defendants for repairs the court might, in the exercise of its discretion, have ordered a recommittal. On the other hand it might decline this relief on the ground that the defendants failed to offer any proof in justification of these items when they had an opportunity to do so at the hearing before the committee. See *Kane* v. *Kane,* 118 Conn. 291, 294, 172 Atl. 84. The case must be remanded for the allowance of the payments of taxes, interest and principal in any event and for the consideration of the recommittal of the report in the light of the principles stated above.

There is error, the judgment is set aside and the case is remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.