[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 31, 1989, the court entered a judgment for an accounting by Frederick Mastin and Daniel Russbach, successive trustees of a trust which the court found had been created for the benefit of Meridith L. Mastin and Whitney L. Mastin.
Pursuant to 52-401 C.G.S. et seq., the court appointed an auditor, Attorney Diane Daskal Ruben, who "conducted a hearing and rendered a report determining the assets of the trust and finding the balance due." Specifically, the court ordered defendant Frederick Mastin to "account for all trust assets, including a I detailed explanation of said expenditure made from trust assets including the proceeds of all mortgages placed on the property during his tenure as trustee and a statement as to any interest and other earned or earnable income, including rent received, and any expenses paid as to the maintenance of trust property." (Memorandum of Decision at page 10). The auditor filed her report on May 1, 1989, and on May 25, 1989 the plaintiffs filed a motion to correct the report, however they did not claim this motion for determination by the court until August 6, 1989.
Early precedents concerning the scope of the efforts of a committee in a court-ordered accounting indicate that the committee should hear and determine the various payments due from and credits due to a defendant who has been managing property held in trust for the benefit of another. Bowen v. Morgillo, 128 Conn. 442,446-7 (1941); Brady v. Brady, 86 Conn. 199 (1912).
The auditor in this case has considered the defendant trustee's claims for the expenses of maintaining the premises but has not determined the rent due for his occupancy.
In Bowen v. Morgillo, supra, at 447, the court observed that deductions for maintenance of a trust property are to be credited to the trustee if they 1) increased the value of the property, or 2) were essential to secure tenants or to obtain rentals to a certain amount and that the credits would be allowable only "to the extent that the repairs were reasonably necessary for the realization of the rents received." Id.
The auditor's failure to reduce credits to the trustee, Frederick Mastin, by the amount of rent earnable as to the condominium unit he occupied appears to have been occasioned by the fact that the trust property is not the entire unit but only half the unit, the other half having been conveyed to the grantor's daughter, the sister of Frederick Mastin. Plainly, Frederick Mastin as trustee could not have rented out the trust's half interest in the condominium unit to anyone, since the unit as a whole could not be rented without the agreement of his sister, CT Page 1238 the co-owner. While Frederick Mastin clearly derived benefit from occupying the unit, the court cannot conclude that the auditor could find that he could have rented out the trust's interest for value to anyone else. His own occupancy depended on his sister's acquiescence. It appears that the benefit he derived from occupancy was offset by the protection provided to the trust property by its being occupied and maintained.
The court finds that the auditor did not err or provide less than a full accounting under the actual circumstances.
The plaintiffs also move to correct the auditor's report to disallow expenditures which the plaintiffs maintain that the trustee had an independent obligation to pay as child support and medical expenses on their behalf pursuant to a judgment of dissolution of his marriage to their mother, plaintiff Donna Markum. As the auditor has correctly observer in her report, had the trustee been anyone else, the payments made for the plaintiff's benefit would have been proper under the trust. While Donna Markum may have occasion to raise in the appropriate proceeding a contention that Frederick Mastin failed to satisfy an independent obligation pursuant to a court order, and while it should be clear in any such proceeding that the expenditures set forth in the auditor's report were not paid by Frederick Mastin in his individual capacity but in his capacity as trustee of a trust created by another for the benefit of his daughters, the enforcement of the child support decree was not entrusted to the auditor and was properly not decided by her.
The plaintiffs claim that the trustee's expenditures as to the transaction costs for certain mortgages placed on the property should have been disallowed as not having been for the benefit of the beneficiaries. Since the trust property is only a half interest in the condominium unit, it is only a matter of speculation whether any liquid funds could have been obtained by sale, and the mortgages achieved liquid assets, some of which have already been expended for the benefit of the beneficiaries of the trust. Under these circumstances, the auditor did not err in allowing the closing costs as an expense to be charged against the liquid assets.
The plaintiffs abandoned a claim based on a check not endorsed by their attorney after a double-endorsement system was established. Their attorney acknowledged on the record that he had approved the expenditure at issue.
The remaining claims of the plaintiffs in their motion to correct concern the plaintiff's claim that the trustee was guilty of malfeasance in his administration of the trust. The plaintiffs offer no support for their assumption that such claims are CT Page 1239 properly to be decided by an auditor assigned pursuant to 52-401
C.G.S. to adjust the accounts of a trust.
The motion to correct the auditor's report is denied.
BEVERLY J. HODGSON, JUDGE