LUCIEN BERRY et al., Appellants, v. STARKEY R. POWELL, Administrator of MARTIN MASTERS, deceased, Appellee.

#### APPEAL FROM SCOTT.

The surviving partner has not the right, in the adjustment of accounts between himself and a deceased partner, to have his individual account against the deceased deducted from any balance which may be found in his hands as surviving partner.

The existence of a mortgage security, in favor of the surviving partner, does not change the rule.

The balance due from the intestate, found in favor of the survivor, should be allowed in the adjustment, in proper proportion.

ON the 4th of October, 1853, M. Masters and L. Berry entered into articles of partnership, in the business of keeping livery stable, under the style of Masters & Co., which continued until the 12th of August, 1854, when Masters died, intestate. Complainant, as his administrator, on the 24th of September, 1855, exhibited his bill in this case for settlement of partnership accounts, by Berry, as surviving partner, charging that

books and effects of the partnership fell into his hands; that he had collected debts, sold effects, etc., and had not rendered account; that on the 12th of March, 1854, Masters executed a fraudulent and colorable note and mortgage to Berry, for $825, conveying Masters' interest in the lot on which was the livery stable, as also all his interest in the personal property of the partnership; that L. Berry and W. C. Berry had a large account against Masters & Co., that was false and fraudulent. Bill did not charge that any partnership debt was outstanding, and waived answer on oath, and prayed account to be taken; decree for balance that might be found due complainant, and that the note and mortgage be vacated as fraudulent. Defendants answer, denying all fraud and combination, and defendant L. Berry admits partnership; gives his version of various matters appertaining to same; denies that note and mortgage are fraudulent and colorable; admits that he sold partnership property to amount of $2,581.66, and says that he is ready and willing to submit to account to be stated under the direction of the court.

Replication filed to answer.

The master's account stated:

1. Charges L. Berry, as surviving partner, with $3,039.87, receipts of partnership effects, including sale to amount of $2,581.00; credits him with payments to amount of $2,139.99. Balance $899.88, half of which, $449.94, is due to estate of Masters.

2. Is not very clear or satisfactory, and its subject matters referred to in 4th; I therefore do not give particulars.

3. M. Masters' estate to L. Berry. Amount of note for................$825.00
Interest on same from ——— to ———............................. ———.——

4. M. Masters, deceased, from October 4th, 1853, to 10th of August, 1854, is charged to the firm $2,014.69; and is credited $1,927.51. Balance against his estate, $87.18; one half of which, $43.59, is payable to L. Berry.

Complainant filed three exceptions to statement of master's account, viz.:

1st. That the $825 note was an individual matter between M. Masters and L. Berry, and ought not to be taken into the account; that note was fraudulent, etc.

2d. The charge in master's report for proceeds of stable, $1,128, is not claimed in Berry's account, and therefore ought not to be allowed.

3d. The master's report did not make allowance for Masters' services during the existence of the partnership.

The circuit court overruled the exceptions of the complainant to the master's report, and decreed in favor of complainant for $449.94, and costs, when the decrees, irrespective of interest on the $825 note, should have been in favor of the defendant, L. Berry, for $418.65.

Errors assigned :   1st.  That the court below rendered a decree against L. Berry, for $449.94, and costs.   2d. That the court below did not render a decree in favor of L. Berry, for, at least, the sum of $418.65, to be paid by complainant, in due course of administration.

D. A. SMITH, for Appellants.

N. M. KNAPP, for Appellee.

SCATES, C. J.   Powell, as administrator of Masters, a deceased partner of L. Berry, filed this bill for an account which was taken before the master, and a decree for $449.94, balance due estate of deceased.   This is one half of the balance struck by the master, on stating an account with the plaintiff, L. Berry, as surviving partner.   There appears to be a balance, also, due from the intestate, of $87.18, on stating an account with him. One half of this, or $43.59, would belong to the surviving partner, and should be deducted from the $449.94, due from Berry to deceased, which would leave a balance of $406.35.

The decree, corrected by reducing the amount to this sum, will be affirmed.

This balance in the hands of decedent seems to have been inadvertently overlooked by the court below.

The principal ground of controversy before us, involves the question of the survivor's right to have an individual account against his deceased partner, taken into the account, and the amount deducted out of any balance found in his hands as surviving partner.   Were this allowable, the survivor would be enabled to obtain full payment out of the estate of an insolvent partner, and to the exclusion of all other creditors. This is clearly contrary to the general policy of our laws in relation to settlement of estates.   Rev. Stat. 1845, p. 561, Sec. 115.

Where mutual accounts upon mutual dealings exist, the balance of account becomes the debt due from the one to the other ; and such *only is demanded* in practice under our practice act.   Ibid. p. 416, Sec. 19.

But partnership interests, on taking partnership accounts in equity, are on a different foundation.

We need not determine here what power a court of equity might have to adjust the individual claims of partners against each other, by taking them into account, on settling partnership dealings.   Here the bill discloses the fact of the insolvency of the estate of the deceased partner.   The allowance of the individual indebtedness might, in principle, defeat all other creditors, and absorb the estate.   The existence of a mortgage

security cannot vary or change the principle; for if the partner have this right, it must exist independent of his holding a mortgage security.

Whatever might be the effect of the decree as it now stands, it will be so amended as not to include an adjudication upon the rights of the parties to the mortgage.

As there is no reason to remand this cause for correction of the decree, decree will be entered here for four hundred and six dollars and thirty-five cents.