Fkeemaít, J.,
 

 delivered the opinion of the court.
 

 This bill was filed to wind up and settle a partnership entered into in 1853 in buying and selling a drove of hogs, to be bought in East Tennessee and sent south and there disposed of.
 

 It is alleged in the bill that the contract of partnership expressly stipulated that the two partners, Charles and Gillenwaters, were not to pay for hogs.
 
 *135
 
 more. than four cents per pound gross, they attending to the purchase of the hogs, the other partner, Robinson, being absent in the south at the time on a trading expedition. It is charged that Gillenwaters, in violation of this stipulation, purchased a large number of hogs, perhaps two hundred head, and paid, or contracted to pay, $4.25 per hundred pounds, and that the firm were bound by these contracts, and had the price to pay, but that Charles never consented to the payment of such additional price. The amount then paid out over and above the price agreed to be paid by the terms of the contract of partnership, is shown to have been $125. On reference to the clerk and master, he reported in favor of this sum as properly chargeable to Gillenwaters on settlement of the partnership account. The exception filed to the allowance of this item is the matter most urged against the decree of the Chancellor.
 

 We think this allowance was proper. Each partner is the agent of the firm, and in all matters connected 'with business of the firm acts as such, and as between themselves he acts under the authority of the contract of partnership. His agency as between the firm and himself is limited by the terms and stipulations of this contract. And while he may bind the firm in many cases beyond the stipulations contained in the contract because apparently within the sphere of his authority, yet on settlement of the accounts of the partnership, where the firm, his principal, has been injured by his dereliction of duty or departure from the terms of the contract, he ought to be held to
 
 *136
 
 make good such loss. On this principle we think the decree of the Chancellor as to this item, charging the derelict party in favor of his copartners, was correct.
 
 “
 
 If the partnership suffers loss from a known deviation from the partnership articles, he is ordinarily responsible for all losses and damages sustained thereby.” 3 Kent’s Com., p. 52, note
 
 a.
 

 The next exception urged in the brief of counsel for defendants is to the allowance of an item of $20 paid by Charles to Sevier for Gillenwaters. This exception is well taken. It was in nowise connected with the partnership transaction — was an .individual transaction between the parties, and if objected to, could not rightfully be brought into the partnership account.
 

 The only other exception referred to in brief of counsel is too general to be noticed, pointing out no items to which the objection is made. However, we have examined the numerous exceptions filed by defendant, and think the master has arrived as nearly at a correct statement of the account as can be done from the character of testimony presented in the record, which, to say the least of it, -is not very definite, especially on the part of the defendants.
 

 With the above modification the decree of the Chancellor will be affirmed, the costs of this court will be paid, one-third by complainant and balance by defendants. The costs, of court below as adjudged by the Chancellor.