JAMES EVANS, Admr., v. R. K. BRYAN, Jr.

*Partnership—Personal Property Exemption.*

1. In the absence of a special contract, one partner has no lien on his co-part-ner's interest in the partnership property for individual debts due him from the co-partner.

2. A partner is entitled to his personal property exemption out of the partner-ship property before a debt due by him individually to his co-partner can be deducted therefrom, on a settlement of the partnership.

Controversy submitted without action, heard by *MacRae, Judge,* at November Term, 1885, of CUMBERLAND Superior Court.

On the 10th day of March, 1884, the plaintiff's intestate and the defendant entered into a copartnership under written articles. By this partnership agreement, the plaintiff's intestate bargained and sold to the defendant, a half interest in what was theretofore the individual property of Josiah Evans, the plaintiff's intestate, and took in part payment the individual promissory note of R. K. Bryan, Jr., the defendant, for three hundred and fifty ($350) dollars, dated 10th day of March, 1884. The partnership debts have all been settled, and upon a sale of the partnership property, after deducting the amount of the debts outstanding at the dissolution, there is still a balance of about $——— remaining for division between the copartners or their representatives. The $350 note above referred to, has never been paid. The plaintiff's intestate, Josiah Evans, died on the 3d day of October, 1884, and the plaintiff, James Evans, is his administrator. The defendant, R. K. Bryan, Jr., does not own any property outside of his share of the division of the surplus of partnership assets above stated, and the matter of contention between the parties is this:

Is the defendant as against the aforesaid note, entitled to his personal property exemption out of the surplus of partnership property? If he is, then it is agreed that the plaintiff shall pay

over to him one-half of the surplus; if he is not, then it is agreed that the same, or so much thereof as is necessary to pay said note, shall be so applied.

The defendant, R. K. Bryan, Jr., consented that the plaintiff might take possession of the partnership assets, pay off the partnership debts, and wind up the business of the firm, but expressly reserved to himself the legal right to claim a personal property exemption against the aforesaid note in the division of the surplus assets of the partnership.

Upon these facts, his Honor adjudged that the defendant was entitled to his personal property exemption out of the partnership funds, and the plaintiff appealed.

*Mr. Thos. H. Sutton,* for the plaintiff.
*Mr. W. A. Guthrie,* for the defendant.

MERRIMON, J.   It appears from the agreement under seal, that the intestate of the plaintiff was the owner of a newspaper and printing establishment, in the town of Fayetteville, and it likewise appears from its terms, too plainly to admit of question, that he sold to the defendant an undivided one-half interest in the property mentioned, for the price of $1,250; that of this sum the defendant paid to the intestate $714, in cash, and the balance he discharged by promissory notes, including one of himself, payable to the intestate, for $350.

This sale was unconditional and without qualification—no lien upon the property of any kind was provided to secure the payment of the note.   Thus the interest in the property so sold, became absolutely that of the defendant, to be used, sold or disposed of, as he might see fit, consistently with the rights of the intestate, the latter having reserved a " one-half interest in the entire establishment   *   *   *   *   for his own use."

It seems that this sale was made in contemplation of a business partnership between the intestate and the defendant, for, upon its completion, they at once formed a partnership "for the

publication of said paper, and also for conducting the job print-
ing and general stationery business in said town." It was agreed
that the parties should be "equal as to capital invested; the gen-
eral profits and losses of the concern shall be equally divided in
general settlements, as often as may be mutually agreed upon."
It was intended that the parties should be upon an equal footing
in all respects. The obvious purpose was to form a partnership,
in which the parties were to contribute equally to the capital to
be employed, and share equally in the profits and losses. Hence,
the intestate sold to the defendant an undivided one-half interest
in a business he had already established, taking his note for a
part of the purchase money. It does not appear that an increase
of the capital of the partnetship was intended, or that it was
increased after its formation. Nor does it appear from the
agreement—neither from its terms, nor by implication—that the
parties agreed that the note of the defendant should constitute a
part of the capital of the partnership ; it does not appear in any
way that the partnership ever had any interest in it; it was
made payable to the intestate, and so far as appears, it continued
to be his separate property, until his death, and now belongs to
the plaintiff or his administrator. Nor does it appear from the
agreement, or otherwise, that the intestate had a lien upon the
defendant's part of the capital of the partnership to secure the
payment of the note, nor that he had the right to receive of the
defendant's share of the profits a sum of money sufficient to dis-
charge the note. Nor does it appear that the note was treated
in any sense as an advancement of money for the partnership,
or that he desired or intended that it should be so treated.

So that the plaintiff is no more entitled to have the note in
question paid out of the defendant's share of the assets of the
partnership, than if it had been given for a horse or other con-
sideration in no way connected with the partnership property.
It seems to us that the contention of the appellant is entirely
unfounded.

The intestate had a specific lien on the property of the partnership, for its debts and liabilities due to other persons, for his share of its capital and funds, for all moneys advanced by him for its use, and for debts due it from the defendant, if there were such, beyond his share, but he had no such lien for a debt due to him for property he sold to his co-partner, in the absence of a special contract to that effect. Story on Part., §97.

It appears that the defendant has no property, except his share of the assets of the partnership above mentioned. As the intestate of the plaintiff had no lien upon these assets, the defendant is entitled to have his personal property exemption set apart to him out of the same, according to law.

The defendant's share of the assets of the partnership must be treated as if they were in his hands as surviving partner· When he consented to allow the plaintiff to wind up and close the affairs of the partnership, he expressly reserved to himself the right to claim and have his personal property exemption set apart to him.

There is no error, and the judgment must be affirmed.

No error.                                                                Affirmed.