### KURZAWSKI v. MARCZYNSKI.

1. PARTNERSHIP—ACCOUNTING—TRANSACTIONS BETWEEN PARTNERS AS INDIVIDUALS NOT CONSIDERED IN PARTNERSHIP ACCOUNTING.

Claims growing out of individual transactions between partners, having nothing to do with partnership affairs, are not to be included in the partnership accounting.

2. SAME.

In a suit for a partnership accounting, the decree of the court below awarding plaintiff less than he claimed and more than defendant claimed was due, where within the proof, is affirmed, on appeal.

Appeal from Kent; Brown (William B.), J. Submitted January 18, 1929. (Docket No. 121, Calendar No. 34,183.) Decided March 28, 1929.

Bill by Cezary M. Kurzawski against Stanley Marczynski for a partnership accounting. From a decree for plaintiff, defendant appeals. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Roman F. Glocheski,* for defendant.

POTTER, J. Plaintiff and defendant are brothers-in-law and were partners in the bakery business. They lost substantial sums of money. A bill was filed for dissolution of the partnership, accounting, and a receiver. Defendant objected to the appointment of a receiver, and alleged he was willing to give a bond conditioned upon the payment to plaintiff of any sum which might be found due to plaintiff on a final hearing of the case, and asked that he be permitted to continue the business without appointment of a receiver. He objected to the appointing of a receiver on the trial, and, through his attorney, alleged he was willing to pay over whatever the accounting showed belonged to plaintiff. He testified to the same thing upon the stand. The dispute arises over the assets of the partnership. Both plaintiff's audit and defendant's audit admit the total liabilities of the partnership were $19,347.14. Plaintiff claims the total assets are $25,942.11. Defendant claims the total assets are $21,036.47. Upon plaintiff's claim, the difference between the total assets and liabilities is $6,594.97. Plaintiff loaned to the partnership $1,462.55, which, added to one-half of the total net assets would make the amount due plaintiff $4,760.03. On defendant's basis, the total net worth of the partnership is $1,689.33, and plaintiff's loan of $1,462.55 added to $844.67, one-half this amount, would be $2,307.22. The principal item in dispute is the reserve for depreciation in defendant's exhibit. There was no proof of actual depreciation or the approximate amount to be set up for reserve. Such reserve for depreciation was set up by the auditor, who testifies he arrived at the depreciation by using the standard rate used in auditing. Building improvement 10%, driveway 10%, horses and wagons 20%, machinery 10%, trucks 25%, fur-

niture and fixtures 10%. Defendant claims the court allowed plaintiff too much and there should be a deduction of the amount due plaintiff of $840. Plaintiff rented a house of defendant for $70 a month. The testimony was taken April 25, 1928. At that time plaintiff testified he had lived in defendant's house for 15 months and owed for 11 months' rent at $70 a month. The decree, was not signed until July 13, 1928. Whether plaintiff continued to live in defendant's house does nót appear, but defendant's brief alleges plaintiff admits he owes defendant $840. The rule is well settled that claims growing out of individual transactions between partners, having nothing to do with partnership affairs, are not to be included in the partnership accounting, and consequently this item of house rent due from plaintiff to defendant cannot be considered in the determination of the amount due growing out of the partnership relations which existed between the plaintiff and the defendant. 30 Cyc. p. 688; Gilmore on Partnership, § 136; *Reid* v. *McQuesten,* 61 N. H. 421; *Goldthwait* v. *Day,* 149 Mass. 185 (21 N. E. 359); *Caldwell* v. *Leiber,* 7 Paige Ch. (N. Y.) 483; *Looney* v. *Gillenwaters,* 58 Tenn. 133; *Nims* v. *Nims,* 23 Fla. 69 (1 South. 527); *Berry* v. *Powell,* 18 Ill. 98.

The trial court found defendant owed plaintiff $1,110 less than plaintiff claimed, and $1,344.78 more than defendant claimed. The amount found due was clearly within the proof. When we consider the reserve for depreciation was an arbitrary amount; that defendant retained control of the real estate which had for a long time been used for the same purpose, that the real estate was substantially improved at the expense of the partnership, and that in so keeping it and continuing the business he re-

tained the use and benefit of the good will of the partnership and the expenses of a receiver's sale were avoided, we are of the opinion the conclusion of the trial judge ought not to be disturbed.

The decree will be affirmed, with costs.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. NORTH, C. J., did not sit.