[No. 32639.   Department One.   April 22, 1954.]

RAY J. COOK, *Appellant*, v. E. PEARL VENNIGERHOLZ, *Respondent*.[1]

[1]Reported in 269 P. (2d) 824.

*Arnold R. Zempel* and *James Tynan*, for appellant.

*Clarence J. Coleman* and *Thomas G. McCrea*, for respondent.

HAMLEY, J.—This lawsuit is the outgrowth of a partnership arrangement concerning the development and use of a certain tract of land situated in Snohomish county, Washington. One of the two partners, Ray J. Cook, brought the action against the widow of his former partner, after the expiration of the term of the partnership.

The purpose of the suit was to obtain an accounting of amounts due plaintiff from defendant for advances made, equipment used, and work performed by plaintiff; to obtain a partition of the tract in question; and to secure recognition and enforcement of a lien for such advances upon the portion of the tract allotted to defendant.

After trial, the court entered a judgment requiring that the tract be sold as a whole; that, from the proceeds, plaintiff be allowed contribution in the sum of $568.47, representing one half of the taxes advanced by plaintiff between 1940 and 1952, less one half of the sum of three hundred dollars received by plaintiff from the sale of timber; and that, after the deduction of such contribution and other necessary expenses, the balance be equally divided between plaintiff and defendant. The trial court denied plaintiff's prayer that he be reimbursed for payments made by him upon the purchase money mortgage; his demand for interest on advances made in payment of taxes; and his prayer for an allowance to compensate him for services performed upon the land. Plaintiff appeals.

The land in question was purchased by appellant and re-

spondent's husband (Vennigerholz) in 1939, as tenants in common. Respondent joined in the purchase with her husband. The purchase price was $2,085.40, of which $485.40 was paid in cash. The balance of $1,600 was secured by a mortgage on the property, due three years after date, with interest at seven per cent per year. Appellant and Vennigerholz each contributed $242.70 toward the down payment. On June 8, 1942, appellant paid the principal sum of the mortgage, together with interest of $336, and the mortgage was discharged of record.

On July 1, 1942, respondent and her husband gave appellant their promissory note for eight hundred dollars, due three years from date, with interest at four per cent per year. Appellant testified that this note was given to acknowledge appellant's right to reimbursement for half of the principal sum paid in retiring the mortgage.

On July 21, 1942, appellant and Vennigerholz entered into a partnership agreement, effective as of July 1, 1942. This instrument recited that each party owned an undivided one-half interest in the land in question. The partnership was to run for a term of ten years. The land involved in this action was to be the capital of the partnership.

Vennigerholz died on August 16, 1945. His interest in the partnership was included in the inventory of his estate, but nothing was done to wind up the affairs of the firm.

Appellant thereafter dealt with respondent as if she were a partner in the place of her deceased husband. In 1948, they entered into an agreement for the sale and removal of merchantable timber on the land. The net proceeds of this sale, amounting to $8,600, were divided equally between them. In 1949, appellant received three hundred dollars from the sale of cull timber on the land, but did not divide these proceeds with respondent. During all of the time from 1940 to 1952, with the exception of the year 1942, appellant paid all of the taxes on the tract. The aggregate sum so paid was $1,436.94.

The first question presented by the assignments of error is whether the trial court erred in ordering the property sold

and the proceeds divided. Appellant contends that the court should have decreed a partition of the premises, as prayed for in the complaint. Respondent makes two answers, one of which is that the parties stipulated in open court that the land was to be sold.

The statement of facts indicates that, during the course of the trial, the court announced that the record should show that the parties had, in open court, entered into such a stipulation. No objection was taken to this statement. The stipulation is also referred to in the minute book of the clerk of the court.

During oral argument in this court, counsel for appellant denied that such a stipulation had been made, and asserted that he did not hear the court make the statement referred to above. Appellant had not, however, challenged the correctness of the statement of facts when presented for settlement. See *Desimone v. Mutual Materials Co.*, 20 Wn. (2d) 434, 147 P. (2d) 945. The certificate attached thereto in fact recites that counsel for both parties were present and concurred in the settlement of the statement of facts. Therefore, the statement of facts must be considered correct and complete as certified by the trial court. *Sutton v. Mathews*, 41 Wn. (2d) 64, 247 P. (2d) 556.

The stipulation as there reported was arrived at and recorded in a manner which is binding upon the parties and the court. Superior Court Rule 10, 34A Wn. (2d) 114. The trial court therefore did not err in ordering a sale of the tract.

The second question which we have to consider is whether the trial court erred in denying appellant contribution in the sum of eight hundred dollars, this sum representing one half of the principal sum paid by appellant in retiring the mortgage.

It was the view of the trial court that the eight-hundred-dollar promissory note which respondent and her husband gave appellant on July 1, 1942, established an indebtedness independent of the partnership. It was held that, this being an independent transaction, appellant's only recourse was

a suit on the note (now outlawed), and that he was not entitled to contribution from the assets of the partnership.

When an encumbrance upon a cotenancy is paid off by one of the cotenants, he is immediately subrogated to the rights of the encumbrancer, in so far as the amount chargeable to the other cotenant is concerned. *Murray v. O'Brien*, 56 Wash. 361, 105 Pac. 840. *Evans v. Bryan*, 95 N. C. 174, cited by respondent, is not to the contrary, for in that case there was no pre-existing mortgage lien.

Appellant paid off the mortgage on June 8, 1942. At that time, he and Vennigerholz were tenants in common. The partnership agreement was not executed until July 21, 1942, though retroactive to July 1, 1942. Hence, under the rule stated above, appellant acquired a lien upon the tract in question on June 8, 1942. Nothing has occurred to destroy that lien.

Only two events could, by any possibility, have that effect. One was the execution and delivery of the eight-hundred-dollar promissory note to appellant on July 1, 1942.

The trial court did not hold that the giving of the note constituted payment of the indebtedness (and thus extinguished the lien). On the contrary, the court found that "the note was taken as evidence of the debt created by plaintiff's payment of the mortgage . . ." The rule is clear that the giving of a note is not payment of a pre-existing obligation, in the absence of an agreement to that effect. *Blenz v. Fogle*, 127 Wash. 224, 220 Pac. 790; *Olson v. Chapman*, 4 Wn. (2d) 522, 104 P. (2d) 344. Thus, the fact that appellant has a right of action on the note, independent of the partnership, does not preclude him from seeking enforcement of his lien.

The other event which may possibly be thought to have destroyed appellant's lien is the execution of the partnership agreement.

The partnership agreement recited equal ownership of the land. This recital, however, is not necessarily inconsistent with the existence of a lien thereon in appellant's favor. In any event, a party to a contract is not bound by a

false recital of fact, and parol evidence is admissible to show the true state of affairs. I Restatement of Contracts, 344, § 244.

We therefore conclude that appellant has a valid lien upon the land in question to secure the payment of eight hundred dollars.

Were it here proposed to partition the land, a question would be presented whether this eight-hundred-dollar obligation, being of a nonpartnership character, could be enforced in an accounting and dissolution proceeding. See *Kurzawski v. Marczynski*, 245 Mich. 685, 224 N. W. 357, denying such relief, and *Watson v. Watson*, 231 Ind. 385, 108 N. E. (2d) 893, granting such relief.

But where, as here, the property is to be sold and the proceeds divided, the lien must be recognized and enforced by providing for contribution, else it will be lost entirely. Accordingly, the trial court erred in failing to provide in the judgment under review that appellant have, in discharge of his lien, contribution in the sum of eight hundred dollars, with interest at six per cent from June 8, 1942, to the date of the judgment to be entered herein. In so computing the amount due appellant, we have regarded the principal sum stated in the note ($800) as evidencing an agreement between the parties concerning the amount due, and have disallowed the additional $168 prayed for by appellant on this item.

The remaining question submitted on this appeal is whether the trial court erred in failing to include interest when credit for payment of one half of the taxes was allowed to appellant.

The prayer of the complaint is somewhat ambiguous as to whether an allowance of such interest was demanded. Reference to the body of the complaint indicates, however, that appellant sought this relief. In paragraph V thereof, the tax payments made by appellant from March, 1940, to February 28, 1952, are itemized. It is then alleged:

"That plaintiff has never been reimbursed for said advances or any part thereof, and that he is entitled to have and recover from the defendant her proportionate share

618

thereof, *together with interest at the rate provided by law* from the date of said advances to the time of entry of judgment herein." (Italics ours.)

■ With respect to advances made in payment of taxes during the existence of the cotenancy, the right to interest thereon at the rate of six per cent per year was recognized by this court in *Olson v. Chapman, supra.*

■ Since the advances made for the same purpose during the existence of the partnership were in the nature of a loan to the partnership, and were not intended as a capital investment, appellant was also entitled to interest thereon at the same rate. *Rodgers v. Clement,* 162 N. Y. 422, 56 N. E. 901; *Emerson v. Durand,* 64 Wis. 111, 24 N. W. 129; 66 A. L. R. 19, annotation.

Respondent argues that appellant failed to make a proper accounting, and that, for this reason, the trial court was justified in denying interest on the advances made in payment of taxes.

The trial court did not find or conclude that appellant had failed to make a proper accounting. It is true that appellant's claim for contribution for services rendered and equipment employed on the premises was disallowed. The partnership agreement provided expressly that neither partner was to receive compensation unless specifically agreed to in writing by the other partner. The fact that these claims were disallowed (no appeal being taken therefrom) has nothing to do with the merits of the claim for contribution on account of tax advances and interest thereon. Respondent does not object to the allowance of contribution for the tax advances. Interest thereon follows as a matter of course, having been demanded in the complaint.

The judgment is reversed and remanded, with directions to modify the judgment in conformity with the views expressed in this opinion.

GRADY, C. J., MALLERY, FINLEY, and OLSON, JJ., concur.