IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ESTATE OF SUSAN HUNTER, | ) | |
| | ) | No. 32745-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — The Estate of Susan Hunter appeals the dismissal of an action against Allstate Insurance Company alleging violations of the Insurance Fair Conduct Act, RCW 48.30.015 (IFCA), violations of Washington's Consumer Protection Act, chapter 19.86 RCW (CPA), and breach of contract. The superior court was persuaded by Allstate that the claims were already pending in an earlier filed complaint in the same county, and were either barred by res judicata or constituted claim splitting. Allstate cross appeals the trial court's denial of its request for sanctions.

We affirm dismissal of the complaint based on our determination that, by virtue of Allstate's continuous representations that it viewed the estate's 2012 claims as presented by its earlier filed action, the trial court's dismissal of this action was equivalent to the consolidation that was being requested by the estate. We find no abuse of discretion in the trial court's denial of Allstate's request for sanctions. Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In May 2006, after a home in Naches owned by Susan Hunter was destroyed by an electrical fire, she filed a claim with Allstate, which denied coverage.

Ms. Hunter had secured a landlord insurance policy for the home two years earlier and paid the required premium, only to be notified that the policy would be cancelled based on Allstate's mistaken belief—a result of inspecting the wrong home—that the residence was a mobile home. It was, in fact, a brick structure. Ms. Hunter's insurance agent, Gregory Schlagel, promptly responded to Allstate's cancellation notice, pointing out that it had apparently inspected the wrong residence. While Allstate mailed Ms. Hunter both a check reimbursing her premium payment and notice of cancellation effective August 7, 2004, stating "[y]our mobile home does not qualify for an Allstate Landlord Package policy," Mr. Schlagel told Ms. Hunter he would resolve the mix-up, and asked her to provide a second check to cover the premium. Clerk's Papers (CP) at 1204. She did, and Mr. Schlagel contacted Allstate and requested a second inspection for

2

the landlord policy.

The inspection of the proper home was performed and this time revealed the home was uninsurable because of a roof condition. But no notice that the roof was a problem was sent to Ms. Hunter. Mr. Schlagel retained the second check she had provided in his files, never returning it or cashing it. Without further notice, Allstate cancelled Ms. Hunter's policy on August 7, 2004, just as the June 12 notice of cancellation indicated it would.

After Ms. Hunter submitted the claim for her fire loss to Allstate and learned she was uninsured, she sued Mr. Schlagel in January 2007, alleging negligence and breach of contract.

Ms. Hunter passed away in January 2008, and her estate was substituted as the plaintiff.

In June 2008, the complaint was amended to add Allstate as a defendant and to assert claims against it for breach of contract and the duty of good faith and fair dealing, bad faith, and violations of the CPA.

In March 2009, the estate moved to amend its complaint to add a claim under the IFCA, which had been enacted after the January 2007 commencement of Ms. Hunter's action.[1] Leave was granted and the amended complaint was filed in October 2009,

---

[1] The Washington legislature passed IFCA in 2007. LAWS OF 2007, ch. 498, § 3. IFCA was subsequently submitted to Washington voters for approval as a referendum

3

alleging the estate was entitled to treble damages because Allstate had unreasonably denied its claim.

For legal reasons that we need not detail in this appeal, the trial court initially granted summary judgment dismissing the estate's IFCA claim and denied summary judgment based on undisputed evidence that Allstate, although mistaken, had based its cancellation of the policy on a sincere belief that the home was a mobile home and therefore uninsurable in light of underwriting criteria for its landlord policy. The court's order granting summary judgment included its ruling that Allstate's June 2004 cancellation notice was an effective cancellation of Ms. Hunter's policy as a matter of law.

A five-day jury trial was scheduled to begin on February 7, 2012. A pretrial motion that Allstate filed in January 2012 appended previously undisclosed documents revealing that Allstate was in fact aware of its mistake about the residence type in 2004 and even made a policy change internally. The trial court granted a motion by the estate to strike the trial date.

The estate filed this action in March 2012, alleging that Allstate violated the IFCA a second time when it misled the court that it had sincerely and "subjectively believed"

---

measure in November 2007 and was approved by a 56.7 percent to 43.3 percent margin. *See* George H. Ahrend, *Legislative History of the Insurance Fair Conduct Act*, 49 Gonz. L. Rev. 431, 435 (2014).

that the property was a mobile home. CP at 8. Counsel for the estate would later explain that he felt compelled to file the new action because Allstate's representation of a sincerely held belief was made in February 2009, the Grant County court administrator indicated that the next available court hearing would be in 13 months, and the new claims would be time barred by the time a motion to amend the complaint could be heard. While the estate filed a motion to consolidate, it concluded that prior rulings in the 2007 action would defeat its new IFCA claim and therefore focused first on having the problematic orders rescinded.

Allstate moved to dismiss this action as barred by claim and issue preclusion. It also moved the court to impose CR 11 sanctions against the estate for filing the action, which it alleged had "no purpose other than to harass" Allstate and increase its expenses. CP at 37.

Eventually, the trial court rescinded its order in the 2007 action that had found the June 12 cancellation notice effective as a matter of law. It later ruled as a matter of law that the June 12 cancellation was not effective. Later still, it rescinded its order granting summary judgment dismissing the first IFCA claim.

Allstate's motion to dismiss this action and the estate's motion to consolidate this action with the 2007 action remained pending for many months. Allstate continually contended that all of the estate's claims asserted in this action were already before the

5

court in the 2007 action. For instance, in a reply brief submitted in support of its motion for summary judgment, Allstate argued:

> The First Suit and the Second Suit are identical. The Second Suit serves no purpose other than to harass defendant and to attempt to circumvent rulings already made in the First Suit. The filing of the Second Suit is grossly improper, a waste of judicial time and resources, and sanctionable misconduct under CR 11.

CP at 234; *accord*, CP at 428 ("This lawsuit is duplicative of the current law suit entitled *Hunter v. Schlagel, et al.* under Cause No. 07-2-00020-4."); CP at 608 ("it is the position of Allstate that this suit is duplicative in its entirety"); CP at 647 (characterizing the 2012 complaint as "wholly duplicative" of the previously pending action); CP at 971 (characterizing the 2012 complaint as "completely duplicative").

The estate's principal concern was that it had pleaded two distinct IFCA claims in the first and second actions based on two distinct allegations of misconduct, and that it had spelled out its second IFCA claim only in its complaint in this action. Allstate discounted the estate's concern that its second articulation of an IFCA claim might not be able to proceed in the 2007 action under the then-existing pleadings and could be time barred otherwise, representing to the court at the hearing on the estate's motion to reconsider dismissal of this action:

> [ALLSTATE'S COUNSEL]: Well I'd like to state first of all, I don't think it's correct that what we're calling IFCA 2 hasn't been pled in the 2007 case. We've briefed that issue. I think I personally have briefed that issue at least six times between these two matters. It's been discussed

6

very heavily. I think it's very much under the eye of Judge Antosz, as well as—

. . . .

THE COURT: All right, but what I'm stating is all these issues that you're talking about here, and I'm sorry to cut you off because I know this is—this is very interesting—but all these issues that you're talking about, my understanding is that they're being worked through in the other—in the first lawsuit, in the '07 lawsuit.

[ALLSTATE'S COUNSEL]: Absolutely. I absolutely agree with that, and that all the same claims are present in the 2007 lawsuit. They are with the change, reversal of that Order, the IFCA claim is even back in the 2007 lawsuit. There is no reason to have a second lawsuit. . . . I think this further complicates matters. I don't think it adds anything for the Plaintiff. I don't think it gives the Plaintiff any benefit. I think all it really does is create more work for the Defendants. It creates more briefing to do, more times to see the court. It uses court resources but there is absolutely no reason that all of the things that the Plaintiff is concerned about can't be addressed in the suit that has already been before the court since 2007, and is still open.

Report of Proceedings (RP) (Aug. 8, 2014) at 9-12.

The trial court filed a letter opinion on January 27, 2014, denying the estate's motion to consolidate, granting Allstate's motion to dismiss, and denying Allstate's motion seeking CR 11 sanctions. The estate moved for reconsideration, which was denied. The estate appeals and Allstate cross appeals.

## ANALYSIS

### *Estate's appeal*

The estate argues that the trial court erred when it dismissed this action as claim splitting. It argues that the court should instead have consolidated this action with the 2007 action.

7

"Washington does not allow a plaintiff to bring multiple lawsuits . . . as the result of a single occurrence—a practice commonly known as 'claim splitting.'" 14 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE: JOINDER OF CLAIMS—CLAIM SPLITTING PROHIBITED §12.4, at 474 (2d ed. 2009) (citing *Landry v. Luscher*, 95 Wn. App. 779, 976 P.2d 1274 (1999) (where the court determined that a plaintiff cannot file one suit to recover for property damage resulting from an accident and a second suit to recover for personal injury damages resulting from the same accident)). A single tort must be the subject of a single lawsuit. *Sprague v. Adams*, 139 Wash. 510, 520-21, 247 P. 960 (1926).

In addition to preventing a plaintiff from bringing multiple suits based on the same tort, claim splitting also encompasses the notions of merger and bar as applied in res judicata and collateral estoppel—doctrines that limit a plaintiff's ability to bring duplicitous suits. *Landry*, 95 Wn. App. at 782-83.

The *Restatement (Second) of Judgments* identifies a number of circumstances in which the doctrine of "claim splitting" should not preclude a plaintiff from filing a second suit. Among the circumstances under which a claim may serve as a basis for a second action are where,

> [f]or reasons of substantive policy in a case involving a continuing or recurrent wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course.

8

RESTATEMENT (SECOND) OF JUDGMENTS § 26(e) (1982).

While this case arguably falls within the exception, we need not decide whether this action constituted claim splitting. While the estate might have had a legitimate concern that its 2012 complaint raised supplemental matters, including an IFCA claim that had not been spelled out previously, Allstate clearly stipulated over the course of the parties' presentation of their arguments on claim splitting that all of the claims asserted by the estate in this action could proceed in the 2007 action based on the then existing pleadings.

CR 2A provides:

> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

Where a stipulation is made and recorded in a manner recognized by the court rule, it is binding on the parties. *Cook v. Vennigerholz*, 44 Wn.2d 612, 615, 269 P.2d 824 (1954). The doctrine of judicial estoppel also prohibits a party who has stipulated or otherwise asserted a legal position in one proceeding from taking a contrary position in a different, future proceeding. *In re Marriage of Rostrom*, 184 Wn. App. 744, 763, 339 P.3d 185 (2014).

9

We can sustain a trial court's judgment dismissing a complaint on any theory established by the pleadings and supported by the record, even if the trial court did not consider it. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989). Rather than resolve the disputed assertion of claim splitting, we hold that the complaint in this action was properly dismissed on a different but related basis: by virtue of Allstate's representations to the court, all claims asserted by the estate in its complaint in this action may proceed in the 2007 action under the existing pleadings, without need for amendment. The estate will suffer no prejudice from trying its claims, which are deemed to have been asserted as of March 6, 2012, in the 2007 action. In essence, the remedy of dismissal is equivalent to the remedy of consolidation requested by the estate.[2]

### *Allstate's cross appeal*

Allstate cross appeals the trial court's denial of its motion for CR 11 sanctions for the estate's filing of a complaint that Allstate argues was duplicative and frivolous.

CR 11(a) establishes that when a party or an attorney signs a pleading, motion, or legal memorandum, he or she is certifying

> that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) it is warranted by existing law or a good faith

---

[2] Allstate argued alternatively that dismissal of the estate's complaint was warranted on the basis of several affirmative defenses. With our decision that the complaint was properly dismissed for the reason stated, the alternative arguments are rendered moot.

10

> argument for the extension, modification, or reversal of existing law or the
> establishment of new law; (3) it is not interposed for any improper purpose,
> such as to harass or to cause unnecessary delay or needless increase in the
> cost of litigation; and (4) the denials of factual contentions are warranted on
> the evidence or, if specifically so identified, are reasonably based on a lack
> of information or belief.

The rule goes on to provide that if a pleading, motion, or legal memorandum is signed in violation of the rule the court "may" impose an appropriate sanction. *Id.*

In *Brin v. Stutzman*, the court stated, "A trial court's decision to impose *or deny* CR 11 sanctions is reviewed for abuse of discretion." 89 Wn. App. 809, 827, 951 P.2d 291 (1988) (emphasis added). *Brin* has been cited with approval for this proposition by *Building Industry Association of Washington v. McCarthy*, 152 Wn. App. 720, 745, 218 P.3d 196 (2009), and *Parry v. Windermere Real Estate/East, Inc.*, 102 Wn. App. 920, 930, 10 P.3d 506 (2000). CR 11 does not identify any circumstance in which it is incumbent on a court to impose a sanction. But case law holds that the purpose of CR 11 is to "deter baseless filings and curb abuses of the judicial system." *Bldg. Indus. Ass'n of Wash.*, 152 Wn. App. at 745.

The term "may" generally confers discretion, and where the decision of the trial court is a matter of discretion, "'it will not be disturbed on review except on a clear showing of abuse of discretion.'" *In re Marriage of Freeman*, 169 Wn.2d 664, 671, 239 P.3d 557 (2010) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). Allstate points to portions of the trial court record in which the estate admits

11

that it filed its second IFCA claim in a new action because it had concerns about procedural problems getting the claim into the 2007 case and admits that there was an "overlap" between the two cases. *E.g.*, 1 RP (Jan. 25, 2013, Sept. 9, 2013, Jan. 8, 2014, June 2, 2014) at 60-62, 66. Yet elsewhere in the record, the trial court commented, "I want to make it real clear, I don't think you acted in bad faith. I think you had a problem with the statute of limitations. You needed to take some precaution and file this case but I believe these claims can be raised in the '07 cause and should." RP (Aug. 8, 2014) at 15-16.

No abuse of discretion has been shown.

### *Attorney fees on appeal*

Both parties devote a section of their briefs to a request for an award of attorney fees under RAP 18.9(a), on the basis that the other party's appeal is frivolous. RAP 18.9(a) provides that we "may order a party or counsel . . . who uses these rules for purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply." An appeal is frivolous if it presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).

We find neither appeal to be frivolous and deny both parties' motions for an award of fees and costs on appeal.

12

No. 32745-1-III
*Estate of Hunter v. Allstate Ins. Co.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Fearing, C.J.

13